Honorable Chris Victor Semos Chairman Committee on Business Industry House of Representatives P. O. Box 2910 Austin, Texas 78769
Re: Constitutionally of House Bill 995, 67th Legislature, Regular Session, concerning the use of county law library funds
Dear Representative Semos:
House Bill 995, as introduced in the regular session of the 67th Legislature, is styled `An Act relating to the authority to establish and maintain law libraries in the district, county, and justice courts in each county and the use of the county law library fund.' Your letter states:
 I would like to request your opinion as to the constitutionality of this bill. You issued your opinion No. MW-9 dated March 1979 that the `County Law Library Fund' was a trust fund and could not be used to buy books for the judges. The above bill seeks to do this in a different manner. It has been brought to my attention that this trust fund is a State of Texas trust fund which is being administered by the Commissioners Court and the original purpose has to be followed.
Until 1977, there were a number of statutes dealing with law libraries. Several of them applied only to counties of a certain population, but article 1702h, V.T.C.S., applied to all counties in the state. In 1977, all the statutes other than article 1702h were repealed, and article 1702h was amended. Acts 1977, 65th Leg., R.S., ch. 131 at 271. It is article 1702h that House Bill 995 would again amend.
Three opinions of the attorney general have addressed article 1702h, as amended in 1977. The first of them, Attorney General Opinion H-1062 (1977), concluded that the law library fund established by article 1702h was earmarked for certain purposes by the statute and could not be used for different purposes. The second, Attorney General Opinion H-1246 (1978), determined that the statute was broad enough, when read with other laws, to allow the establishment of branch libraries and the loan of library materials to other libraries, so long as the dominant purpose of the statute was served. Finally, Attorney General Opinion MW-9
(1979) stated that fees collected pursuant to article 1702h could be used only `for county law library purposes.'
In none of these opinions was it suggested that the legislature had no power to divert the fund to other uses. All of them referred to statutory provisions, not constitutional provisions, which restricted the use of such funds, and we are aware of no constitutional provisions that would limit the power of the legislature to deal with such funds in the manner which H.B. 995, as submitted to us, would deal with them. See Gulf Insurance Co. v. James, 185 S.W.2d 966 (Tex. 1945). Where pursuant to article 1702h, section 3, V.T.C.S., the county has heretofore accepted gifts augmenting the fund which gifts were lawfully conditioned upon a particular use thereof, the county may continue to devote the gift to those uses, but the legislature is not constitutionally barred from opening the statutory fund to additional uses, or from abolishing it altogether. Cf. V.T.C.S. art. 4335 (officers entitled to laws).
 SUMMARY
House Bill 995, 67th Legislature, Regular Session, if enacted, would not unconstitutionally divert a special fund.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Bruce Youngblood Assistant Attorney General